IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RODNEY L. PEGUES II, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 14-0041-CV-W-ODS |
| ) | |
| DURHAN D&M, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION DENYING PLAINTIFFS' MOTION TO REMAND

Plaintiffs filed this suit in state court, alleging four counts – all of which arise under state law. Defendant filed a Notice of Removal, contending this Court has jurisdiction under both section 1331 (federal question) and section 1332 (diversity of citizenship) of Title 28. Plaintiffs filed a Motion to Remand, contending federal jurisdiction is lacking. The Motion to Remand (Doc. # 10) is denied.

## I. BACKGROUND

According to the Petition filed in state court (hereafter "Complaint"), Defendant provides transportation for students in school districts located in Jackson County, Missouri. Complaint, ¶ 10. Plaintiffs are bus drivers employed by Defendant. Id. ¶ 14. Plaintiff Darryl Redmon began working for Defendant in August 2010.

Plaintiffs were allegedly required to arrive at least one hour before departing on their routes, but their time on the clock did not commence until their bus left the lot. Id. ¶ 17. In addition, they were required to work after returning from their route, but their time on the clock stopped upon their return to the lot. Id. ¶ 18. As a result, "Plaintiffs were required to work more than eight hours per day and forty hours per workweek [but] Defendant[ ] regularly failed and refused to fully compensate Plaintiffs for the overtime hours that Plaintiffs worked." Id. ¶ 20. Plaintiffs assert four claims: violation of

Missouri's Minimum Wage Law ("the MMWL") and claims for breach of contract, quantum meruit, and unjust enrichment.

Defendant filed a Notice of Removal, contending the Court has jurisdiction for two independent reasons. Defendant first contends the Court has jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship and there is more than $75,000 in controversy between Redmon and Defendant. Defendant further contends the Court can exert supplemental jurisdiction over the other Plaintiffs' claims. Alternatively, Defendant contends there is a federal question that gives rise to jurisdiction over Plaintiff Rodney Pegues' claims under 28 U.S.C. § 1331. Although Plaintiffs have asserted only state-law claims, Defendant Pegues' contract claims are alleged to be preempted by the Labor Management Relations Act.

## II. DISCUSSION

A case filed in state court may be removed to federal court if the case could have been originally filed in federal court. 28 U.S.C. § 1441(a). The party invoking federal jurisdiction bears the burden of demonstrating it exists, so Defendant – as the party removing the case to federal court – bears the burden in this case. E.g., Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). Factual matters (such as the amount in controversy) must be established by the preponderance of the evidence. E.g., id. at 957 & n.5. The Court holds jurisdiction exists under section 1332. This conclusion makes it unnecessary to consider whether jurisdiction also exists under section 1331, and the Court expresses no view on that matter.

There is no question that diversity of citizenship exists. Plaintiffs also do not suggest that the exercise of supplemental jurisdiction is inappropriate (provided the Court has jurisdiction over Redmon's MMWL claim). The only question is whether Redmon's MMWL claim places more than $75,000 in controversy.

When removal is based on section 1332, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). In that case,

2

"the notice of removal may assert the amount in controversy." Id. Missouri does not permit the plaintiff to demand a specific sum, so the Court looks to the Notice of Removal to ascertain the amount in controversy. In so doing, the Court must keep in mind that Defendant's burden is a pleading requirement and not a demand for proof. Raksas v. Johnson & Johnson, 719 F.3d 884, 888 (8th Cir. 2013).

The Notice of Removal recites Redmon's length of service and his hourly wage. Utilizing Plaintiffs' claim that they were required to perform more than one hour of uncompensated work before each shift and an unspecified amount of uncompensated work at the end of each shift, Defendant calculates Redmon to be seeking more than $19,000 in compensation. To this, Defendant adds $9,600 to account for the increased wage due for overtime. This entire amount is doubled because the MMWL allows for recovery of double any unpaid overtime, making Defendant's claim worth approximately $57,000. The MMWL also allows for recovery of attorney fees, and statutory fees are included when determining the amount in controversy. E.g., Hartis v. Chicago Title Ins. Co., 656 F.3d 778, 781-82 (8th Cir. 2009). Defendant estimates Plaintiffs' fees alone are in excess of $75,000, but given the amount of actual damages Redmon has placed in controversy those fees need only exceed $18,000 to satisfy the jurisdictional requirement.

Plaintiffs' efforts to dispute these calculations are unavailing. As a general matter they challenge Defendant's "proof," but as mentioned above Raskas makes clear that this is not a matter of proof but a matter of pleading. "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the requisite amount], then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much. Even if it is highly improbable that the Plaintiffs will recover the amounts Defendant[ ] [has] put into controversy, this does not meet the legally impossible standard." Raskas, 719 F.3d at 888 (quotation omitted). Put another way, the question is whether Redmon *might* recover more than $75,000, not whether he really will. E.g., Hartis, 694 F.3d at 944 (citing Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)). Plaintiffs' supposition that Redmon may not have worked every day or may not have worked more than an hour before every shift are insufficient to establish that it is legally impossible for Redmon to have a damage claim for as much as $57,000. It may be

3

improbable, it may be unlikely – but it is not impossible, and Defendant is not required to provide a formula or method for calculating the damages with precision.  Id.

Plaintiffs' effort to contest the amount of Redmon's fees is also unpersuasive. They criticize Defendant's assertion that the fees could be as much as $75,000, but at the same time they failed to suggest what their attorney fees might be.  Plaintiffs also contend the fees must be spread amongst all the class members, but this is not correct: the case is presently not a class action, and more importantly Defendant is not contending jurisdiction exists based on the Class Action Fairness Act.  Plaintiff is focusing on Redmon and asserting federal jurisdiction exists over his MMWL claim. The question is: is it legally possible that Redmon's fees could exceed $18,000?  The Court has little difficulty answering this question in the affirmative.

Defendant has presented a plausible basis for believing more than $75,000 is in controversy.  Plaintiffs have not demonstrated that it is legally impossible for Redmon to recover more than $75,000 on his MMWL claim.  Whether he will actually collect more than that amount is irrelevant.  The Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332, and has supplemental jurisdiction over the remaining claims in the case.

### III.  CONCLUSION

Plaintiffs' Motion to Remand is denied.

IT IS SO ORDERED.

DATE: July 9, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT